Sahra Ahmed HUSSEIN, Petitioner,

v.

Eric H. HOLDER, Jr.,[1] Attorney
General, Respondent.

No. 07–3024.

United States Court of Appeals,
Eighth Circuit.

Submitted: April 24, 2009.

Filed: May 4, 2009.

Sahra Ahmed Hussein, Phoenix, AZ, pro
se.

Richard M. Evans, Paul Fiorino, Karen
Drummond, U.S. Department of Justice,
Civil Division, Office of Immigration Liti-
gation, Washington, DC, Scott Baniecke,
U.S. Immigration & Naturalization Ser-
vice, Bloomington, MN, for Respondent.

Before RILEY, SMITH, and BENTON,
Circuit Judges.

PER CURIAM.

Somalian citizen Sahra Hussein petitions
for review of an order of the Board of
Immigration Appeals (BIA), affirming an
immigration judge's (IJ's) denial of asy-
lum, withholding of removal, and relief un-
der the Convention Against Torture
(CAT). We deny the petition.

When an asylum decision is
based on an adverse credibility finding, as
it was in this case, we generally defer to
the agency if the credibility finding is sup-
ported by specific, cogent reasons for dis-
belief. *See Sow v. Mukasey,* 546 F.3d 953,
956 (8th Cir.2008). Upon careful review, we
conclude that the BIA and the IJ provided
such reasons.[2] *See Prawira v. Gonzales,*
405 F.3d 661, 663 (8th Cir.2005) (IJ's ad-

1. Eric H. Holder, Jr. has been appointed to
serve as Attorney General of the United
States, and is substituted as respondent pur-
suant to Federal Rule of Appellate Procedure
43(c).

2. Hussein filed her asylum application after
May 11, 2005, and thus the REAL ID Act
applies, *see Al Milaji v. Mukasey,* 551 F.3d
768, 772 n. 2 (8th Cir.2008); and under the
Act, an IJ may make credibility findings with-

verse credibility finding was supported by record where alien admitted lying in previous asylum application); *S–Cheng v. Ashcroft*, 380 F.3d 320, 323 (8th Cir.2004) (adverse credibility finding not erroneous where alien lied in entry application and first asylum request); *cf. Krouchevski v. Ashcroft*, 344 F.3d 670, 673 (7th Cir.2003) (if petitioner's explanations and IJ's adverse inferences from discrepancies both appear valid, reviewing court should not supersede IJ's credibility finding). The adverse credibility finding is also dispositive of Hussein's withholding-of-removal and CAT claims. *See Zine v. Mukasey*, 517 F.3d 535, 541 (8th Cir.2008) (when asylum, withholding-of-removal, and CAT claims are based on same discredited testimony, adverse credibility finding is fatal to all three claims).

Accordingly, we deny the petition for review.

out regard to whether the inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, *see* 8 U.S.C. § 1158(b)(1)(B)(iii).